Irvin J. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 2272.
United States Tax Court
1944 Tax Ct. Memo LEXIS 88; 3 T.C.M. (CCH) 1079; T.C.M. (RIA) 44325; October 9, 1944
*88 Morris F. Goldstein, Esq., for the petitioner. J. Richard Riggles, Jr., Esq., for the respondent. STERNHAGEN The Commissioner determined a deficiency of $991.09 in 1940 income tax. Findings of Fact 1. In 1940, the taxpayer owned and operated a business as a jobber of candy, cigarettes and tobacco. The business had been in existence about 40 years, and for 25 years had been owned by a partnership consisting of the taxpayer and his father. The father, about 87 years of age and living in California, was now retired from active business, and discontinued his partnership interest. While the partnership with the father was in existence, the petitioner and his wife in December, 1934, signed a paper purporting to be a partnership agreement, and in December, 1935, the father signed a paper purporting to assign his interest in "T. Miller & Son" to petitioner's wife. The taxpayer in 1940 continued to manage the business completely. The wife contributed neither capital nor services. She was in poor health. No account was set up on the books showing an interest of the wife in either capital or profits. The profits were all credited on the books to the general capital account and the only drawings *89 were made by the taxpayer alone and credited to his individual drawing account. Some of the amounts which he withdrew were used by him and his wife for household and living expenses. We find as a fact that the papers did not in fact create a partnership of petitioner and his wife and that no such partnership existed during the year 1940. 2. In 1940, the taxpayer owned an old automobile and used it to some extent in the business of T. Miller & Son. He has no record of the amount paid for operation, maintenance or repair. The proportionate amount thereof properly allocable in 1940 to petitioner's business is $200. In 1940, petitioner made several trips in connection with his business, and incurred some traveling expense. Of these he has no record, and he cannot remember the details or amounts. He testified to some estimates, but has nothing to support them. The total amount of such expenses is $250. 3. In November, 1939, loans of $5,000 and $13,000, respectively, were made to the taxpayer's wife by the Food Dealers Industrial Bank, and another loan of $5,000 was made to her by the same bank in November, 1940. Notes were given by the wife and endorsed by the taxpayer. Each of the *90 notes was discounted, the amounts received by the wife being $4,700, $12,382, and $4,700. The first was repaid $400 in 1939 and $4,600 in 1940; the second entirely in 1940, and the third entirely in 1941. On the books of T. Miller & Son, in the I. J. Miller drawing account, appear credits in 1939 of $12,382.50 and $5,000, and in 1940, of $5,000. Memorandum Opinion STERNHAGEN, Judge: 1. The Commissioner included in petitioner's gross income the entire income of a business conducted in New York City as T. Miller & Son. The business had been started by petitioner's father many years ago and for about 25 years was conducted as a partnership of father and son. Several years ago the father retired from active conduct of the business and petitioner has since had full control and management. He claims that the business was in the taxable year 1940 owned and operated by a partnership consisting of himself and his wife and relies upon a writing of December 24, 1934, which they both executed purporting to create the partnership. However, when the writing was executed the business was still owned by the partnership consisting of petitioner and his father, and petitioner was not therefore in *91 a position to create a new partnership of the same business consisting of himself and his wife. Nor could such a partnership be constructed in 1935 by the paper signed by the father purporting to assign his interest in the partnership to the petitioner's wife. But, what is more important, the evidence indicates that there was no substance in fact in the alleged partnership and we think that the purported articles of December, 1934, upon which the claim is based, was but an empty form to give color to a showing of division of partnership income on the separate tax returns of husband and wife. The wife was not in good health and her activities were those of housewife and homekeeper. She contributed nothing to the partnership either by way of capital or by way of services. Other than by sporadic visits to the place of business she took no part in its conduct, management, or operation. No bookkeeping account was taken of her place in the concern; she had no drawing account; and no part of the profits was drawn by her or credited to her. Petitioner had the single drawing account and was the only one who drew upon the business profits. Such of these as he turned over to his wife were used *92 in the payment of household and living expenses. Since a claim of partnership between a husband and wife is one which demands the most careful scrutiny and may only be recognized where the evidence is clear, we have reached the conclusion that there is less than a clear demonstration that a partnership existed, and we therefore sustain the Commissioner's determination that the income from the business in 1940 was properly taxable to the petitioner. ; ; ; ; ; ; ; ; ; ; . *93 2. The evidence with regard to the deduction claimed by the taxpayer for expenses of his automobile and of his trips to Washington and elsewhere consists entirely of his personal estimates with nothing else to substantiate it. The Court necessarily adopts an attitude of scepticism in such a case, but we cannot say that petitioner made no such trips or incurred no such expense whatever. The inexactitude is of the taxpayer's own making (cf. ) and the Court has therefore made an approximation as best it can, which entitles him to a deduction for the total of $450 for such items, in lieu of the $1,780 which he claims. 3. The taxpayer claims a deduction for interest on the loans shown in the findings, but the evidence is not sufficient or clear enough to support findings upon which such deductions could be based. The money was borrowed by the wife, and she was primarily liable on the notes. The reason for the accounting on the books of T. Miller & Son does not appear, and on the partnership return filed (which was different from the taxpayer's individual return) a deduction was taken of $1,705.23 as interest. The facts are too *94 obscure to sustain the taxpayer's contention that on his own account he paid interest on his own indebtedness. Interest on another's debt is not properly deductible by the taxpayer. . Other than the deduction of $450 for expenses, the determination is sustained. Decision will be entered under Rule 50.